[ECF No. 52]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| M.L., et al., individually and on behalf of J.N., <br><br> **Plaintiffs,** <br><br> v. <br><br> **HADDONFIELD BOROUGH BOARD OF EDUCATION,** <br><br> **Defendant.** | Civil No. 22-7244 (CPO/EAP) <br><br> OPINION |

This matter comes before the Court by way of Plaintiffs' Motion for Reconsideration, ECF No. 52,[1] of this Court's October 11, 2023 Letter Order, ECF No. 51 ("Ltr. Order"), denying Plaintiffs' application to consolidate this matter with two newly filed matters. The Court has received Defendant's letter in opposition to the Motion, ECF No. 55, and having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Plaintiffs' Motion is **DENIED**.

On October 3, 2023, Plaintiffs filed a letter with the Court requesting consolidation of this matter with two newly filed matters: *Haddonfield Borough Board of Education v. M.L. and T.N.*

---

[1] Although docketed as a "Motion for Consolidation," Plaintiffs' Motion is more properly categorized as a Motion for Reconsideration under Local Civil Rule 7(i). First, Plaintiffs' brief in support of the Motion begins, "Plaintiffs respectfully seek to have this Court reconsider its 10/11/23 Order." ECF No. 52-4 ("Pls.' Br.") at 1. Second, Plaintiffs cite Local Civil Rule 7.1(i) along with Federal Rules of Civil Procedure 50, 52, and 59 in support of their argument. *See id.* n.1. Finally, Plaintiffs assert that this Court "overlooked or did not address a number of factors favoring consolidation of all cases." *Id.* at 5. Because this Motion requests relief already denied in this Court's prior Order, ECF No. 51, and because Plaintiffs explicitly request reconsideration of that Order, the present Motion is most appropriately considered a Motion for Reconsideration. The Court treats it as such.

*o/b/o J.N.*, No. 23-20676 (CPO)(EAP) (filed on Sept. 26, 2023), and *M.L. and T.N., individually and o/b/o J.N. v. Haddonfield Borough Board of Education*, No. 23-20732 (CPO)(EAP) (filed on Sept. 27, 2023). ECF No. 49. Plaintiffs argued that consolidation of all three matters is appropriate because they are all based on the December 7, 2022 Final Order of Administrative Law Judge Tricia M. Caliguire ("ALJ"). *See* ECF No. 1-1 ("Compl."). Plaintiffs asserted that although the two newly filed cases relate to the ALJ's June 29, 2023 Final Order regarding J.N.'s educational placement, consolidation is appropriate because the ALJ "made further *ultra vires* findings and orders regarding the 12/7/22 Final Order's evaluation findings and orders of JN." ECF No. 49. Finally, Plaintiffs asserted that consolidation "would be in furtherance of [the] legislature's intent to minimiz[e] the litigation burden to families of disabled children." *Id.*

Defendant opposed Plaintiffs' application for consolidation. First, Defendant argued that the cases are in completely different states of litigation and consolidation would delay resolution of this matter. ECF No. 50 at 2. Second, Defendant argued that consolidation was inappropriate because this matter stems from the ALJ's December 7, 2022 Final Order denying Plaintiffs' request for an independent evaluation ("IEE") of J.N., whereas the newly filed cases relate to J.N.'s educational placement. *Id.* As such, the newly filed cases and this matter present distinct legal issues and are supported by "vastly different administrative records." *Id.*

On October 11, 2023, this Court, after considering the parties' submissions and the standard for consolidation under Federal Rule of Civil Procedure 42(a), denied Plaintiffs' application for consolidation. *See* Ltr. Order. The Court explained that consolidation of all three matters would be inappropriate because, "[a]lthough some commonality exists, the ALJ's Final Orders dispose of two separate due process petitions that raise distinct issues." *Id.* at 3. The Court further explained that consolidation would "impede the efficient resolution of this case," which

has an impending dispositive motion filing deadline of November 22, 2023. *Id.* at 3; ECF No. 48 ("Am. Scheduling Order") ¶ 1. The Court recognized the particular importance of this matter being resolved "sooner rather than later" because "almost ten months ago, the ALJ recognized that J.N. needs a re-evaluation in order for Defendant to determine an appropriate educational placement." Ltr. Order at 3. Finally, the Court noted that "the two newly filed matters have greater commonality of fact and law than the three cases together." *Id.* Although the Court rejected Plaintiffs' request to consolidate all three cases, the Court granted Plaintiffs leave to file a motion to consolidate only the two newly filed matters by October 20, 2023. *Id.*

Plaintiffs did not file a motion to consolidate the two newly filed matters. Instead, on October 25, 2023, Plaintiffs filed the present Motion seeking reconsideration of the Court's Order. ECF No. 52. In support, Plaintiffs rehash the arguments they already made in support of consolidation under Rule 42(a): namely, (1) that all three cases arise from the ALJ's December 7, 2022 Final Order; (2) that consolidation of all three matters is appropriate because the ALJ's June 29, 2023 Final Order "made *ultra vires* findings and orders regarding the claims at stake in the 12/7/22 Final Order"; and (3) that no delay would result from consolidation because "virtually no substantive proceedings have occurred in [this matter]." Pls.' Br. at 5, 9-10. Plaintiffs, however, failed to cite the standard for reconsideration under Local Civil Rule 7.1(i) or any cases explaining what is required for reconsideration.

On November 6, 2023, Defendant filed a letter opposing the Motion for Reconsideration. ECF No. 55 ("Def.'s Opp."). Defendant argues that "reconsideration is likely to cause unnecessary delay in the resolution of the IEE Cases and has the potential to cause unnecessary confusion and prejudice in the resolution of all these matters." *Id.* at 1. Defendant notes that the dispositive motion deadline in this case is fast approaching, while the two new matters were just filed in

September 2023.  *Id.*  Furthermore, Defendant argues against consolidation because the ALJ did not "re-evaluate or modify her December 7, 2023 Order when issuing the decision in the [newly filed] Placement Cases."  *Id.* at 2.

In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i).  *In re Vehicle Carrier Servs. Antitrust Litig.*, No. 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016).  The rule provides in pertinent part:

> Unless otherwise provided by statute or rule . . . , a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decision which the party believed the Judge or Magistrate has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).

Local Civil Rule 7.1(i) permits a party to seek reconsideration of matters that the Court has overlooked when it first ruled.  *Champion Laby's, Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).  "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and quotation omitted). An order may be altered or amended only if the moving party demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the original order or judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Id.*  Reconsideration will be granted only where the Court has overlooked a controlling factual or legal issue which, if considered now, might reasonably alter the result of the previous determination.  *White v. City of Trenton*, 848 F. Supp. 2d 497, 501 (D.N.J. 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)).

"Relief by way of a motion for reconsideration is 'an extraordinary remedy' that is to be granted 'very sparingly.'" *White*, 848 F. Supp. 2d at 500 (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)); *Niblack v. Albino*, No. 09-428 (RBK), 2010 WL 1253919, at *2 (D.N.J. Mar. 24, 2010) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)) (noting the standard for reconsideration, formerly re-argument, is "high" and is to be granted "only sparingly"). Furthermore, a motion for reconsideration is not a means by which a party disappointed by the previous determination may simply reargue his position, express his disagreement with the court's conclusion, or merely ask the court to rethink its conclusion. *See Fittipaldi v. Monmouth Univ.*, No. 20-5526, 2021 WL 6137513, at *4 (D.N.J. Dec. 29, 2021) (quoting *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original)) (observing that a motion for reconsideration is not an opportunity to "ask the court to rethink what it ha[s] already thought through."); *see also In re Metformin Mkt. & Sales Pracs. Litig.*, No. 20-2324, 2020 WL 9397553, at *2 & n.4 (Sept. 30, 2020).

The Court finds that Plaintiffs have not met their burden under Local Civil Rule 7.1(i). Aside from Plaintiffs' assertion that this Court "overlooked or did not address a number of factors favoring consolidation of all cases," Pls.' Br. at 5, Plaintiffs have failed to address any of the *Max's Seafood* considerations. To be sure, Plaintiffs have not presented an intervening change in the controlling law, newly discovered evidence, factual issues that were overlooked, or clear errors of law or fact that would warrant a different ruling to prevent manifest injustice. Instead, Plaintiffs rely on the same facts and law considered and rejected by this Court in its original Order. At bottom, Plaintiffs simply disagree with the Court's Order, which does not constitute "manifest injustice." *See, e.g.*, *In re Metformin Mkt. & Sales Pracs. Litig.*, 2020 WL 9397553, at *2 & n.4 (citing *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), *aff'd*

*mem.*, 37 F.3d 1485 (3d Cir. 1994)) (denying a motion for consideration because the movant "failed to identify" one of the *Max's Seafood* considerations and noting that "[d]isagreement with the Court's ruling, by itself, is not a valid basis for reconsideration"); *Blount v. TD Bank, N.A.*, No. 20-18805, 2023 WL 7403603, at *4 (D.N.J. Nov. 9, 2023) ("Plaintiff appears now to contend that her . . . allegations were adequately pled, and that dismissal of any kind was inappropriate. This disagreement is insufficient to support a motion for reconsideration.") (internal citation omitted); *see also G-69 v. Degnan.*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). For these reasons, Plaintiffs' motion is **DENIED**.

One final note: the dispositive motion due date of November 22, 2023 stands. The Court will not countenance any further delay in this case. The issue of J.N.'s IEE must be resolved. That aside, the Court will grant Plaintiffs one last opportunity to file a motion to consolidate only the two newly filed matters, No. 23-20676 and No. 23-20732, if they so choose, no later than November 30, 2023. An appropriate order follows.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.